IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

ESTHER CHOCKTOOT,

       Plaintiff,

    v.

MARQUIS COMPANIES I, INC.,

       Defendant.

No. 1:12-cv-2323-PA

**ORDER**

**PANNER, District Judge:**

Plaintiff Esther Chocktoot brings this employment discrimination action under state and federal law against defendant Marquis Companies I, Inc., claiming defendant terminated her because of her race or perceived race, and for reporting a coworker's illegal conduct.

Defendant now moves to dismiss for failure to state a claim. I grant the motion without prejudice and with leave to file an amended complaint.

1 - ORDER

## DISCUSSION

When a defendant moves to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "the district court must accept all material allegations in the complaint as true, and construe them in the light most favorable to the non-moving party." Chubb Custom Ins. Co. v. Space Sys./Loral, Inc., 710 F.3d 946, 956 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Dismissal is proper when the complaint does not make out a cognizable legal theory or does not allege sufficient facts to support a cognizable legal theory." Chubb Custom Ins., 710 F.3d at 956.

Here, plaintiff's complaint does not allege sufficient facts to state claims for discrimination or retaliation. The complaint alleges conclusorily that plaintiff was treated differently from white employees, but the complaint does not allege any specific facts showing direct or indirect discrimination based on race.

Nor does the complaint allege specific facts in support of plaintiff's claim that defendant terminated her in retaliation for complaining about a coworker's unlawful conduct. The complaint alleges plaintiff complained that a coworker "harassed and yelled at" her, but does not allege facts showing why the coworker's conduct was unlawful.

2 - ORDER

## CONCLUSION

Defendant's motion to dismiss (#3) is granted without prejudice.  Plaintiff has leave to file an amended complaint.

IT IS SO ORDERED.

DATED this _10_ day of May, 2013.

OWEN M. PANNER
U.S. DISTRICT JUDGE

3 - ORDER